UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTT A. GREEN | * | CIVIL ACTION |
| VERSUS | * | NO: 06-8630 |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY | * | SECTION: "D"(1) |

## ORDER AND REASONS

Before the court is the **"Motion to Remand and Request for Attorney's Fees and Costs"** filed by Plaintiff, Scott A. Green. Defendant, State farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 20, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

## I.  Background

In Plaintiff's Petition filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, Plaintiff alleges that upon his return to his residence after evacuating for Hurricane Katrina, he discovered that "a large number of items

mostly consisting of tools and other equipment were stolen from [his] residence." (Petition at ¶4). Plaintiff further alleges that he immediately reported the theft to State Farm, who had issued him a homeowner's insurance policy. (*Id*. at ¶¶ 1& 5).

State Farm initiated a claim and informed him to obtain a police report and prepare a list of items that were stolen. (*Id*. at ¶ 5). Plaintiff filed a theft report with the St. Bernard Parish Sheriff's Office as soon as the sheriff's office was able to process such a report pending the aftermath of Hurricane Katrina, and Plaintiff submitted the theft report and list of stolen items to State Farm immediately upon receipt of same. (*Id*. at ¶¶ 6 & 7).

To date, State Farm has not "tendered any proceeds due under the terms of the policy for the theft which is a covered loss, despite 'sufficient proof of loss.'" (*Id*. at ¶ 8). Plaintiff claims State Farm's failure to pay is "arbitrary and capricious and in bad faith" and Plaintiff sues State Farm under LSA-R.S. 22:658 and LSA-R.S. 22:1220. (*Id*. at 10). Plaintiff seeks "the amount owed pursuant to the policy," plus penalties and attorney's fees, but he "stipulates ... that his damages do not exceed $75,000.00." (*Id*. at 11 & 12).

State Farm removed the matter to this court claiming: (1) original jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369 (MMTJA), and alternative piggy-

2

back jurisdiction afforded by 28 U.S.C. §1441(e)(1)(A); and (2) diversity jurisdiction.   As the court next discusses, the court does not have MMTJA jurisdiction or piggy-back jurisdiction, and it does not have diversity jurisdiction because the amount in controversy is not met.

## II.  Legal Analysis

### (A)  No MMTJA jurisdiction[1]

The MMTJA provides in relevant part:

**§1369.  Multiparty, multiforum jurisdiction**

**(a)   In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

(1)   a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

(2)   any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

(3)   substantial parts of the accident took

_____

[1]      The court notes that while Defendant asserted jurisdiction under the MMTJA in its removal papers, it has abandoned such an assertion in its opposition to Plaintiff's Motion to Remand, concentrating only on its assertion of diversity jurisdiction.

3

place in different States.

**(b)   Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-

(1)   the   substantial   majority   of   all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and

(2)   the   claims   asserted   will   be   governed primarily by the laws of that State.

28 U.S.C. §1369.[2]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons."  28 U.S.C. §1369(c)(4).  Here, the court does not have original jurisdiction under §1369, because Plaintiff is making a theft claim and not the type of "accident" claim envisioned by the MMTJA.  Further, Plaintiff is not making a claim for Hurricane Katrina property damage, and even if his theft claim could somehow be construed as such, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[3]

---

[2]      "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora."  *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation.  *Id.*

[3]      *See e.g.*, *Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins.*

State Farm alternatively argues in its removal papers that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because State Farm is already a defendant in *Chehardy v. Wooley*, No. 06-1672, now pending in the Eastern District of Louisiana, under lead case, No. 05-4182 (K).   The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A)   the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B)   the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.**

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When

---

*Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

> the requirements of §1441(e)(1)(B) are met,
> defendants need not establish the existence of
> independent subject matter jurisdiction under
> any other provision, including under §1369(a),
> because supplemental jurisdiction has been
> established.

*Wallace,* 444 F.3d at 702.

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in *Chehardy.* In *Chehardy*, it has been found that "§1369 jurisdiction exists ... because the levee break [in the aftermath of Hurricane Katrina] is the requisite accident that caused the death of at least 75 natural persons at a discrete location."[4] But in this case, Plaintiff makes no allegation about a levee break or breach. Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B). *Wallace*, 444 F.3d at 702.

---

[4]    In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case
> transferred from the Middle District of Louisiana to
> the Eastern District, No. 06-1672, and now pending in
> Section K under lead case, No. 05-4182, *In re: Katrina
> Breaches Litigation*] arises from a levee break that
> caused both loss of life and property damage.
> Therefore, the Court concludes that §1369 jurisdiction
> exists in *Chehardy* because the levee break is the
> requisite that caused the death of at least 75 natural
> persons at a discrete location.

6

## (2)  No Diversity jurisdiction

There is no dispute that diversity of citizenship exists between Plaintiff (a Louisiana citizen) and State Farm (domiciled in Illinois).  The issue is whether the amount in controversy exceeds $75,000 (exclusive of interest and costs).  28 U.S.C. §1332(a)(1).

Louisiana prohibits a plaintiff from petitioning for a specific monetary amount.  *See* La. Code Civ. Proc. Art. 893(A)(1).  Therefore, where, as here the petition does not include a specific monetary demand, State Farm must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Manguno v. Prudential Property & Cas. Ins. Co,*, 276 F.3d 720, 723 (5th Cir. 2002).  This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.  *Id*.  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Id*.

If the defendant demonstrates that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show to a legal certainty that he will not be able to recover more than $75,000.  *De Aguilar v. Boeing Co*., 47 F.3d 1404,

1411 (5th Cir. 1995).  In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, [*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)] makes later filings irrelevant."  47 F.3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))(italics added).

In this case, it is not facially apparent that the Plaintiff's claim exceeds $75,000.  Indeed, Plaintiff stipulates in his Petition that his damages do not exceed $75,000.[5]  (Petition at ¶ 12).  Thus, the court looks to whether State Farm has presented summary judgment type evidence to show that the jurisdictional amount is met.

State Farm has attached to its opposition: (1) a "Personal Property Inventory Form" completed and signed by Plaintiff showing that the stolen property has a purported actual cash value of $44,904.23;[6] and (2) a Certificate of Coverage showing that Plaintiff's "contents" were insured for $55,553.  (*See* Exs, A & B,

---

[5]     However, Plaintiff's statement in his Petition that his damages do not exceed $75,000 does not act as a limit to what Plaintiff could recover, because Louisiana law allows a party to recover the relief to which he is entitled "even if the party has not demanded such relief in his pleadings." La. Code Civ. Proc. Art. 862.

[6]     This form was also attached to State Farm's Notice of Removal as Exhibit B.

attached to State Farm's Opp.).

Here, Plaintiff does not make a claim for the face value of his policy, but he does claim "the amount owed pursuant to the insurance policy." (Petition at ¶ 11). Further, there is no dispute that he completed and signed a "Personal Property Inventory Form" showing that the stolen property has a purported actual cash value of $44,904.23. Thus, Plaintiff is seeking in this suit at least $44,904.23, plus penalties under LSA-R.S 22:658 and LSA-R.S. 22:1220.[7]

In his memorandum in support of his Motion to Remand, Plaintiff argues that "even if he hits a home run and is awarded the entire amount claimed of $44,904.23 plus penalties under both La.R.S. 22:658 and 22:1220, the total award will still be less than the jurisdictional amount of $75,000.00." (Plaintiff's Memo. at p. 5).

---

[7]     The limits of coverage on Plaintiff's "Contents" was $55,553. (State Farm's Ex. B). But Plaintiff does not allege in his Petition that he is seeking this amount. Rather, he seeks "the amount owed under the policy" and it is uncontested that he completed the "Personal Property Inventory Form" putting his loss at $44,904.23. (State Farm's Ex. A).

     The court notes that in *Callia v. State Farm Fire & Cas. Co.,* 2006 WL 3469549 (E.D. La. 2006), Judge Fallon found that the Defendant had demonstrated that the amount in controversy exceeded $75,000, because there was a difference of $157,627.63 between the policy limits and the amount paid to Plaintiffs. Plaintiffs had relied on a property damage estimate which showed that the Plaintiffs had suffered $17,000 in property damage.

     However, this court is unpersuaded by *Callia* to hold that, in this case, the policy limits on Plaintiff's contents should be included in the amount in controversy.

Under LSA-R.S. 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if the failure was arbitrary and capricious. LSA-R.S. 22:1220 (B)(5) & (C). However, a plaintiff must show damages arising from the breach to recover any more than $5,000. *Hanover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995). In this case, Plaintiff does not allege that he suffered actual damages form State Farm's alleged breach and State Farm has offered no summary judgment type evidence showing that Plaintiff suffered actual damages. Thus, at this juncture, Plaintiff's penalty award under LSA-R.S. 22:1220 would be limited to $5,000.

Under LSA-R.S. 22:658 (as it was written before the 2006 Regular Louisiana Legislative Session), the insurer is subject to a penalty, "in addition to the amount of loss" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. Here, 25% of $44,904.23 is $11,226.06.

Thus, under these statutes, Plaintiff submits that the amount in controversy would be pushed to $44,904.23 + $5,000 + $11,226.06 = **$61,130.29**. (Plaintiff's Memo. at 7). And while Plaintiff also

10

seeks attorney's fees, neither LSA-R.S. 22:1220 nor LSA-R.S. 22:658 (as it was written before the 2006 Regular Louisiana Legislative Session) provide for attorney's fees.

The 2006 Regular Louisiana Legislative Session amended LSA-R.S. 22:658 increasing the twenty-five percent of the amount due under the policy to **fifty percent** and also providing for **reasonable attorney fees**. In its opposition memorandum, State Farm argues:

> La. R.S. 22:658, as amended, could potentially impose a penalty of fifty percent damages on the amount due under the policy, While State Farm takes the position that the amended version of La. R.S. 22:658 does not apply to this case, it is possible that the amended version may apply because Plaintiff's claim was still pending when suit was filed.

(State Farm's Opp. at 5).[8]

A 50% penalty on $44,904.23 = $22,452.11. *If* the 50% penalty under the amended LSA-R.S. 22:658 would be applicable here, the amount in controversy would be pushed to $44,904.23 + $22,452.11 + $5,000 = **$72,356.35.** Plus reasonable attorney's fees would be allowed under the amended LSA-R.S. 22:658.

Under the circumstances presented here, the court concludes that State Farm has not carried its burden of proving

---

[8]    On pages 10-11 of its opposition, State Farm continues its argument that the amended version of LSA-R.S. 22:658 "may" be applicable in this case. The court finds State Farm's argument about the "possible" applicability of amended LSA-R.S. 22:658 to be unpersuasive in deciding the amount in controversy.

jurisdictional amount by a preponderance of the evidence and it has not set forth the facts in controversy that support a finding of the requisite amount.  The court also finds that the basis for jurisdiction was at least ambiguous at the time of removal, which allows the court to consider Plaintiff's post-removal affidavit attached to his Motion to Remand.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In his post-removal affidavit, Plaintiff attests that:

> He affirmatively and knowingly waives entitlement to any damages, including penalties and attorney's fees, but exclusive of interests and costs, in excess of $74,999.00.

(Plaintiff's post-removal Affidavit at ¶3).

The court find that this waiver constitutes a binding stipulation, or "judicial confession" under Louisiana law, and it is sufficient to establish that Plaintiff cannot recover more than the jurisdictional amount as a matter of law.[9]  *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D.La. 2004)(Engelhardt, J.); *Gasquet v. Lexington Ins. Co.*, 2006 WL 3497777 (E.D.la 2006)(Engelhardt, J.).

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is

---

[9]    Had Plaintiff included this waiver in his Petition the amount in controversy would not have been ambiguous.

12

hereby **GRANTED**, for lack of subject matter jurisdiction; however, Plaintiff's **"Request for Attorney's Fees and Costs"** is **DENIED** because the court finds that State Farm did not lack an objectively reasonable basis for seeking removal based on diversity jurisdiction.

      **IT IS FURTHER ORDERED** that this matter be **REMANDED** to the the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

      New Orleans, Louisiana, this **19th** day of **December, 2006**.


                            A.J. McNAMARA
                 UNITED STATES DISTRICT JUDGE

13